UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ST. STEPHEN'S MISSIONARY					CIVIL ACTION
BAPTIST CHURCH

VERSUS								NO. 05-294

JAMES C. TAYLOR, JR. , ET AL				SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on the Rule 59(e) motion to alter or amend dismissal of motion for default judgment filed by the plaintiff St. Stephens Missionary Baptist Church, previously noticed for hearing on March 5, 2008.   (Rec. Doc. 118).

Under Fed. R. Civ. P. 54(c), "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."   The record reflects that the plaintiff supplemented and amended its prayer for relief in its first supplemental and amended complaint. (Rec. Doc. 23, ¶ 3).   The record also reflects that the plaintiff served the defendants against whom default was previously entered with the first supplemental and amended complaint. (Rec. Docs. 46-51).   The plaintiff moved for entry of default against one defendant as to the first supplemental and amended complaint.  (Rec. Doc. 79).  No explanation as to why the plaintiff did not move for entry of default against those defendants on the first supplemental and

amended complaint has been provided in this motion, save and except plaintiff's opinion that such a motion is not necessary.

This case is one of the longest pending civil cases in this section of court.  It is subject to special reporting to the Fifth Circuit as a result of its longevity.   The record reflects that the plaintiff first began its attempt to obtain a default judgment in March 2005.  (Rec. Doc. 11).   The Court has attempted to explain the deficiencies in the plaintiff's motions on numerous occasions.   Rather than correct the most recent deficiencies specified by the Court, the plaintiff filed this motion.  This current motion reflects the problems attendant to this case  and provides an explanation in part as to why such inordinate effort continues to fail to produce what is ordinarily a routine judgment.

A plaintiff is not entitled to default judgment as a matter of right. J. W. Moore, 10 Moore's Federal Practice §55.20[2] (1997).   The plaintiff is reminded that it is seeking a substantial sum of money in its proposed default judgment along with a substantial attorney's fee.  This Court will continue to insist that any default judgment entered is properly issued.

Accordingly,

IT IS ORDERED that the  Rule 59(e) motion to alter or amend dismissal of motion for default judgment filed by the plaintiff St. Stephens Missionary Baptist Church is

DENIED.  (Rec. Doc. 118).    If the plaintiff intends to re-file a motion for default judgment, it shall file the appropriate motions for entry of default and the motion for default judgment within five days from entry of this order and reasons.  Counsel for the plaintiff are advised to adhere to Fed. R. Civ. P. 55 in the event they re-file the motion for default judgment.  Again, the plaintiff shall provide proper support for any attorney fee sought and shall fully support any other item of damage sought <u>with</u> any motion for default judgment and not at a later date.  In order to avoid further delay, in the event a motion for default judgment is not filed within five days, the Court will issue a rule to show cause why this matter should not be dismissed for failure to prosecute.

    New Orleans, Louisiana, this 25th  day of January, 2008.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE