UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ST. STEPHEN'S MISSIONARY                CIVIL ACTION
BAPTIST CHURCH

VERSUS                                  NO. 05-294

JAMES C. TAYLOR, JR. , ET AL            SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion for default judgment filed by the plaintiff, St. Stephens Missionary Baptist Church ("St. Stephens").  The plaintiff seeks a default judgment against three related defendants: (1) The Smart Unique Corp. ("Smart Unique"; (2) James C. Taylor ("Taylor); and (3) Providential Surety Company, Ltd. ("Providential")(collectively "Taylor defendants").   The plaintiff settled with the other defendants prior to trial.   Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be partially granted and partially denied for the following reasons.

The Court accepts the well pleaded allegations of facts of the complaint on motion for default judgment.  Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200 (5th Cir. 1975).  Conduct on which liability is based may be taken as true

1

as a consequence of the default.  Frame v. S-H, Inc., 967 F.2d 194 (5th Cir. 1992).

A plaintiff is not entitled to default judgment as a matter of right. J. W. Moore, 10 Moore's Federal Practice §55.20[2] (1997).  The Court may consider whether the defaulting parties failure to plead was technical or *de minimus* or dilatory or in bad faith, the possibility of prejudice to the plaintiffs, the merits of the plaintiff's substantive claim, the sufficiency of the complaint, the sum at stake, and whether the default was due to excusable neglect.  Id.  According to Wright & Miller, an application under Rule 55(b)(2) requires the district judge to exercise "sound discretion" in determining whether judgment should be entered.  C. Wright, A. Miller & M. Kane, 10 Federal Practice & Procedure: Civil 2d §2685 (1997).  Among the factors the Court can consider in determining whether to enter a default judgment is the amount of money involved and whether the court "thinks it later would be obliged to set aside the default on defendant's motion." Id.

Rule 54(c) provides that "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  The subject of this litigation is a failed construction project and fraudulent bond.  The complaint and first supplemental and amended complaint sets forth claims relevant to this motion: (1)

solidary liability with Senigaur General Construction[1], breach of obligation under bonds and fraud against Providential; (2) breach of contract, rescission of assignment and fraud against Smart Unique; and (3) fraud against Taylor.  (Rec. Docs. 1, 23).  In both the original and first supplemental and amended complaint, St. Stephens prays for damages individually and *in solido* in the amount of $78,000 paid for worthless bonds, undetermined amounts paid to Senigaur for work not performed, costs to complete the contract less funds received by the plaintiff, payments made to subcontractors and suppliers for monies owed by Senigaur, as well as attorney's fees, interest, costs and other general and equitable relief.  (Rec. Docs. 1, p. 24 & 23, p. 3).  Default was entered against the three remaining defendants.  (Rec. Docs. 79, 122, 123).

In this motion, St. Stephens seeks the following specific awards:  (1) damages including $70,200.00 involving the bond; (2) the amount required to finish the project ($631,748.00 for increased construction cost through June 2005 and $252,699.20 in increased post-Katrina construction costs); (3) expenses incurred for temporary storage and rental as a result of the breach of contract ($6,400.00 for storage fees, $1,200.00 for

---

[1] The plaintiff amended its complaint to include Eddie Senigaur, Senigaur General Construction, Senigaur Homebuilders and General Construction, Senigaur Homebuilders, Senigaur General Contractor and Senigaur Construction (collectively "Senigaur defendants") as additional defendants.  (Rec. Doc. 23).  The claims against the Senigaur defendants were subsequently settled and dismissed.  (Rec. Doc. 127).

piano moving and storage and $48,000.00 for rent); (4) Builder's Risk and General Liability premiums ($7,376.50); (4) attorney's fees ($127,674.47) and (4) interest, expenses, costs and other general and equitable relief.  The plaintiff acknowledges that an offset in the amount of $200,000.00 for the Senigaur settlement is appropriate.

The plaintiff has sufficiently established that it entered into a construction contract to build with Senigaur in 2002.  The plaintiff financed the construction with bonds issued pursuant to a trust indenture with Guardian Services, L.L.C. ("Guardian"). Senigaur obtained performance and payment bonds from Providential for a cost to the plaintiff of $70,200.00.  Construction began on March 13, 2003, with contract completion set for June 13, 2004.  Preliminary work resulted in the filing of liens.[2]  Subsequent mediation in July 2003 resulted in Smart Unique agreeing to complete the project under assignment.  Problems became apparent again in October 2003, and work ceased in December 2003.  The plaintiff terminated the contract in May 2004.

Taylor was a principal in both Providential and Smart Unique at all relevant times.  This suit was filed in February 2005.  The complaint was amended in March 2005.  The Senigaur defendants eventually appeared and settled.  The remaining Taylor

---

[2]  Those liens were subsequently abandoned, and the plaintiff is no longer seeking recovery for them.

defendants never answered. After many failed attempts, the plaintiff filed this motion.

The plaintiff supports the allegations of the complaints as to the fault of the Taylor defendants with the affidavit of Noel Rivers, III ("Rivers"), the authorized representative of the plaintiff, and the affidavit of Angela O'Byrne ("O'Byrne"), the authorized representative of the architect on the project. The Court finds that the plaintiff has adequately established breach of contract on the part of the Taylor defendants for purposes of this motion for default judgment.

**Bond**

The Court finds that the plaintiff is entitled to recover the $70,200.00 expended on the Providential bond. It was specifically set forth in the prayers of both the original and first supplemental and amended complaint.

**Increased construction costs**

According to the affidavit of O'Byrne, the increased construction costs, including a post-Katrina increase, totals $884,447.20. The Court finds that the plaintiff has sufficiently prayed for these damages and has established that these increased costs resulted from the breach of contract. The Court finds that they are recoverable on default judgment.

**Storage, moving and rental expenses**

The plaintiff seeks recovery for expenses totaling $55,600 for temporary storage fees, piano moving and rent incurred as a result of the breach of contract and the plaintiff's inability to move into the new building in June 2004 as scheduled in the contract. These items of damage were not specified in either complaint. The plaintiff did pray for "all damages that are reasonable under the circumstances." (Rec. Docs. 1, 23). The Court finds that these are sufficiently established as losses and are recoverable as reasonable damages caused by the breach of contract for purposes of default judgment.

**Insurance premiums**

The plaintiff seeks recovery of payments made for builder risk and general liability insurance in the amount of $7,376.50. This item is not specified in the prayers of either complaint. The amount is set forth in the affidavit of Rivers as a loss, but no context is given. It would appear that the plaintiff would be obligated to procure this insurance at some point in the construction process regardless of any contractual default. The plaintiff has been given numerous opportunities to provide adequate support with regard to this motion. The Court finds, therefore, that this amount is not sufficiently supported for purposes of recovery on default judgment.

**Attorney's fees**

The plaintiff prays for attorney's fees in the prayers of both complaints filed in this matter. The scope and amount of fees sought is problematic. The plaintiff seeks attorney's fees as damages, relying on Newport Ltd. v. Sears, Roebuck & Co., 1995 WL 688799 (E.D.La.)(J. Duval). In Newport, Judge Duval recognized the general rule in Louisiana that attorney's fees are recoverable only when authorized by statute or contract. A jury found the defendant in that case to have acted in bad faith under La. Civ. Code art. 1997, and Judge Duval concluded that attorneys fees would be allowed if a "direct consequence" of the failure to perform the contract. Id., at *8.

The plaintiff is seeking three categories of fees. The first are fees incurred on related issues in other courts. Of this group, the first fees were incurred in conjunction with the receivership of Guardian, the entity that had issued St. Stephens financial bonding that had been put into receivership by the Securities and Exchange Commission in the Southern District of Indiana. Another involved suing an insurance agent on a new builder's risk policy which was issued for an improper term. The Court finds that both of these items are too attenuated to be considered a direct consequence of any fault at issue in this lawsuit.

The second category of fees sought is those incurred in the prosecution of the subject matter of this suit in other courts. Taylor filed suit against Guardian and Stewart

Title Guaranty Company ("Stewart") in California federal court in January 2004. That suit was dismissed in February 2005. Suit was also filed in the 24th Judicial Court for the Parish of Jefferson, State of Louisiana and Civil District Court for the Parish of Orleans, State of Louisiana, relative to liens that have been subsequently abandoned for lack of prosecution. The Court finds that attorney's fees incurred in conjunction with these matters are not recoverable on default judgment in this matter. Not only are the items attenuated, but no showing has been made as to why the plaintiff could not recover fees in conjunction with those lawsuits.

The third category of fees sought is in conjunction with this suit, which were incurred as a direct consequence of the breach for purposes of Article 1997. The Court agrees with the plaintiff that quantum is determined by the factors set forth in Johnson v. Georgia Highway Exp., Inc., 488 F.22d 714 (5th Cir. 1974), *abrogated on other grounds* Blanchard v. Bergeron, 489 U.S. 87 (1989).

1. Time and labor required;
2. The novelty and difficulty of the questions;
3. The skill requisite to perform the legal service properly;
4. The preclusion of other employment by the attorney due to acceptance of the case;
5. The customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or the circumstances;
8. The amount involved and the results obtained;
9. The experience, reputation and ability of the attorneys;

      10.     The undesirability of the case;
      11.     The nature and length of the professional relationship with the client; and
      12.     Awards in similar cases.

The record reflects that this suit was filed in February 2005. The plaintiff unsuccessfully moved for default judgment in March 2006. (Rec. Doc. 45). At a time when this matter was on the Court's Call Docket and apparently in lieu of a meritorious motion for default judgment, the plaintiff moved for summary judgment. (Rec. Doc. 52). No defendant made an appearance until June 2006 when Senigaur moved to continue the hearing on the plaintiff's motion for summary judgment. (Rec. Doc. 60). The motion for summary judgment was denied for procedural reasons in July 2006. (Rec. Doc. 77). In January 2007, trial was set to commence on October 1, 2007, as to the Senigaur defendants. (Rec. Doc. 84). The claims between the plaintiff and the Senigaur defendants settled just prior to trial. (Rec. Doc. 110). The plaintiff's unsuccessful attempt to obtain a default judgment against the non-settling defendants began again in October 2007 and continued until this motion was filed.

     The Court has reviewed the billing submitted by the plaintiff in support of the claim for attorney's fees and costs. It is unable to segregate with any degree of comfort those items which may be recoverable as reasonable fees or costs incurred in the prosecution of this suit. It also appears that non-recoverable expenses are included in

the billing.

More problematic, however, is the fact that much of the fee sought was directed toward misguided or failed motions.  Fifteen months passed before the first defendant made an appearance, which provided sufficient time for the plaintiff to obtain a default judgment against <u>all</u> the defendants, even when the consequences of Hurricane Katrina are considered.  The Court acknowledges that the plaintiff did prepare for trial against the late-answering Senigaur defendants prior to settlement.  However, subsequent efforts toward obtaining a default judgment against the non-settling defendants consumed unnecessary time and fees.  In light of these facts, and after consideration of the <u>Johnson</u> factors, the Court finds that an award significantly less than the $127,674.47 would be reasonable.  The exact amount, however, will be referred to the Magistrate Judge for determination, if the plaintiff consents, or for evidentiary hearing, if necessary, and the issuance of a Findings and Recommendation.

IT IS ORDERED that the motion for default judgment filed by St. Stephens Missionary Baptist Church motion for default judgment is PARTIALLY GRANTED and PARTIALLY DENIED.  A default judgment in the amount of $810,247.20 ($1,010,247.20 less $200,000.00) plus a reasonable attorney's fee and reasonable costs shall be entered after the amounts of the fee and costs have been determined.

IT IS ORDERED that the issue of the amounts of reasonable attorney's fees and costs shall be REFERRED to Magistrate Judge Knowles for determination upon consent, or for Findings and Recommendation.

IT IS FURTHER ORDERED that this matter be ADMINISTRATIVELY CLOSED.

New Orleans, Louisiana, this 26th day of March, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE