UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

St. STEPHEN's MISSIONARY BAPTIST CHURCH         CIVIL ACTION

VERSUS                                          NO. 05-294

JAMES C. TAYLOR, JR., ET AL                     SECTION "C"(3)

REPORT AND RECOMMENDATION
REGARDING QUANTUM OF ATTORNEY's FEES AND COSTS

On March 26, 2008, the district judge granted default judgment in the amount of $810,247.20 plus reasonable attorney's fees and costs in favor of the plaintiff, St. Stephen's Missionary Baptist Church ("St. Stephens"), and against three related non-settling defendants, The Smart Unique Corp., James C. Taylor and Providential Surety Company, Ltd. (collectively "Taylor defendants"). *See* Order and Reasons filed March 26, 2008 [Doc. # 132]. The issue of the reasonable amount of such costs and fees was referred to the undersigned Magistrate Judge for determination. *Id.* at p. 11. For reasons set forth below, IT IS RECOMMENDED that Plaintiff's Motion for Attorney's Fees and Costs #134 be GRANTED and that order and judgment issue awarding attorney's fees and costs in favor of the plaintiffs and against the Taylor defendants in the full amount of **$66,184.48** (*i.e.,* $63,492.25 fees plus $2,692.23 costs).

BACKGROUND

The subject matter of the litigation concerned a failed construction project and a fraudulent bond. Trial was scheduled to commence on October 2, 2007; however, St. Stephen's settled its claims against the Senigaur Defendants. Thereafter, it filed two Motions for Default Judgment

1

against the defaulting Taylor Defendants,[1] the first such motion having been dismissed as premature.[2] On January 28, 2008, preliminary default was entered against both James C. Taylor, Jr. and The Smart Unique Services Corp.[3]

On March 26, 2008, the district judge issued orders and reasons granting plaintiff's second Motion for Default Judgment as to the Taylor Defendants in part. As aforestated, the district judge granted default judgment and plaintiff's request for attorney's fees, but solely as to the third category of costs and fees by the plaintiff – i.e., fees and costs incurred *in this suit* as a direct consequence of the subject breach for purposes of Article 1997.[4] On April 28, 2008, the undersigned issued an order setting the matter of reasonable fees and costs for hearing together with a briefing schedule.[5]

## PLAINTIFF's APPLICATION

In compliance with this Court's order, St. Stephen's filed its motion for attorney's fees and submitted a narrative statement including contemporaneous time records detailing the nature of

---

[1] Previously on July 25th, 2006, the district judge denied plaintiff's Motion for Summary as to the Taylor Defendant's on procedural grounds and as to the Senigaur Defendants because there had been inadequate time for discovery. *See* Order filed July 25th, 2006 (noting that the defendants James Taylor, Smart Unique Services Corp. and Providential Surety Company had not made appearances in this lawsuit) [Doc. #77]; Order Entering Default against Providential Surety Company, Ltd. filed July 26, 2006 [Doc. #79-2].

[2] *See* Motion for Default Judgment filed October 16, 2007 [Doc. #113]; Order filed January 10, 2008 (dismissing as premature plaintiff's motion for default judgment and noting that the record did not reflect that plaintiffs moved for entry of default against all remaining defendants as to the First Supplemental and Amended Complaint apparently meaning that preliminary default had not been entered against James C. Taylor, Jr. and The Smart Unique Services Corporation) [Doc. #117].

[3] *See* Order Ex Parte Motions for Entry of Default filed January 25, 2008 [Doc. ## 121 and 122]; Orders filed January 28, 2008 (entering default as to defendants, Taylor and Smart Unique) [Doc. ## 122 and 123].

[4] *See* Order dated March 26, 2008 at pp. 8-11 [Doc. #132].

[5] *See* Order filed April 28, 2008 [Doc. #133].

services performed and the time involved. As directed by the district judge [Doc. #132] and the undersigned [Doc. #133], St. Stephens further addressed the factors set forth in *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). Additionally, plaintiff appears to have made every effort to demonstrate billing judgment to excise fees charged in connection with failed motions or duplicative efforts, and seeks an amount significantly less than $127,674.47 (the amount originally prayed for in its Motion for Default Judgment).

As before, though given the opportunity to traverse the plaintiff's fee application, the Taylor defendants filed no response and did not appear for the hearing scheduled on June 4, 2008. The undersigned has reviewed the record in conjunction with plaintiff's 140-page application for attorney's fees and costs filed in compliance with Local Rule 54.2, including contemporaneous time records reflecting the date, time involved and the nature of services performed and the affidavit of the office manager detailing the quite reasonable hourly rates charged each attorney and the number of hours billed by each. Clearly billing judgment was exercised. Indeed, the lion's share of the hours billed, charged and included in the application (i.e., not redacted) were those of the Krebs, Farley & Pelleteri's associates who are billed at the lowest hourly rate ($125.00 per hour) – *i.e.*, *well within* the customary range for legal services performed by law firms in the geographic area and in the substantive field of construction law. Moreover, the hourly rates of $90.00 and $75.00 for the services performed by law clerks and paralegals are supported by legal authority in this circuit.[6] The prevailing practice in this district is to bill the services performed by paralegals and law clerks

---

[6]*See League of United Latin American Citizens #4552 v. Roscoe Ind. School District*, 119 F.3rd 1228, 1235 (5th Cir. 1997) (reasonable hourly rates for paralegals and law clerks are $75 - $125).

separately.

## THE LODESTAR APPROACH

The Fifth Circuit has oft-repeated that a request for attorneys' fees should not spawn ancillary major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e*., it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Texas*, 236 F.3d 256, 277, n. 79 (5th Cir.2000); *Hensley*, 461 U.S. at 436-37.

In determining a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v.Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

### Reasonable Attorney's Fees

In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educational Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041,

1047 (5th Cir.1998); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

Turning to the contemporaneous time records submitted by plaintiff's counsel, this Court has been given no reason to doubt that the hourly rates of $150.00/Partner, $140.00/Junior Partner and $125.00/Associate are consistent with counsel's ability, competence, experience, and skill. Considering the prevailing market rates in the Greater New Orleans area and the affiant's testimony submitted in support of the present fee application,[7] the Court is convinced that the aforesaid hourly rates are more than sufficiently discounted and reasonable.[8]

---

[7] *See* Plaintiff's Application at Exhibit "A" [Doc. # 134-3]

[8] *See Green v. Administrators of Tulane Educational Fund,* 284 F.3d 642, 662 (5th Cir. 2002) (affirming an award of $175.00 an hour to an attorney who had practiced law for fourteen years); *Motton v. Lockheed Martin Corp.*, 900 So.2d 901, (La. App. 4th Cir. 2005) (finding against Lockheed that plaintiff's counsel's hourly rate of $200.00 was not a rate in excess of the community standards and amending to assess additional fees for appellate work at the same hourly rate); *GMAC Commercial Mortgage Corp. v. Chateau Deville Apartments Partnership*, 2003 WL 21674467 (E. D. La. July 16, 2003) (finding that $150.00 per hour was a reasonable billing rate for a second-year associate); *Smith v. Berry Co.*, 1997 WL 736697, at *4 (E. D. La. Nov.21, 1997) (holding that $150.00 per hour was consistent with the prevailing market rate at the time the work was performed for counsel with eleven years experience); *Millon v. Johnston*, 1999 WL 358968 at *5 (E. D. La. May 28, 1999) (finding that for the period prior to 1999 the hourly rate of $150.00 was reasonable for counsel with ten years experience); *L & L Oil Co. v. Lefkowitz*, 1996 WL 56464 (E.D.La. Feb.9, 1996) (finding that for the period predating 1996 the rate of $140.00 per hour was the *median range* for an attorney with less than ten years of experience in the Eastern District); *Downey v. Strain*, 2006 WL 1581234 (E. D. La. June 5, 2006) (Shushan, M. J.) (finding the hourly rate ($225.00) for the trial attorney with twenty-four years experience and the hourly rate of ($175.00) for the attorney with thirteen years experience that assisted at the trial are reasonable); *Camp v. Progressive Corp.,* 2004 WL 2149079 (E. D. La. Sept. 23, 2004) (Wilkinson, M. J.) ( finding the hourly rates of $225.00 for partners and $140.00 for associates reasonable based upon his knowledge of the prevailing market rates in this legal community and his familiarity with the qualifications and expertise of plaintiffs' counsel and recent awards of reasonable attorney's fees in this district).

**The *Johnson* Factors**

Next, the court must consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987). The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

While the court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *Riley*, 99 F.3d at 760 (*quoting Kellstrom*, 50 F.3d at 331). To the extent that any of the *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis,* 135 F.3d at 1047. The most critical factor in determining the reasonableness of an attorney's fee award "is the degree of success [or result] obtained." *Hensley*, 461 U.S. at 436; *Farrar*, 506 U.S. at 114.[9] Moreover, an applicant must show that billing judgment was exercised, so that the court may determine the number of hours reasonably expended on a case. *Green,* 284 F.3d at 662 (*citing Walker v. HUD,* 99 F.3d 761, 769

---

[9]S*ee also Giles v. General Elec. Co.*, 245 F.3d 474, 491 n. 31 (5th Cir.2001) (stating that the most important factor under the *Johnson* analysis is the result obtained); *Migis*, 135 F.3d at 1047.

(5th Cir. 1996)).

At the outset, this Court notes that when a party achieves partial success, *total* reliance on and use of the lodestar method may not be appropriate. In this regard, the Supreme Court observed:

> If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for the plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Hensley*, 461 U.S. at 436.[10]  In a case where an applicant has achieved only limited or partial success, once a court considers the "amount and nature of damages awarded, [it] may lawfully award low fees or no fees without reciting the 12 [*Johnson* ] factors bearing on reasonableness," or without computing the lodestar.  *Farrar,* 506 U.S. at 115.  Regardless of the analytical framework utilized, the fee award must be the result of a "measured exercise of discretion" on the court's part. *Id.* at 114.

The Court must determine the reasonable number of hours that plaintiff's counsel expended on the litigation.  The burden of proving the reasonableness of the hours expended is on the fee applicant.[11]  As a general proposition, all time that is excessive, duplicative and/or unproductive should be excised from any award of attorney's fees.[12]  Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.[13]  The fee

---

[10]*See Migis*, 135 F.3d at 1048 (applying the principle enunciated in *Hensley* and remanding an award of attorney's fees because the district court failed "to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought").

[11]*Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 528 (5th Cir. 2001).

[12]*Watkins*, 7 F.3d at 457.

[13]*Walker*, 99 F.3d at 769.

seeker's attorneys "are charged with proving that they exercised billing judgment."[14]  When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.[15]

In this case, the Court finds that the lodestar computation is an appropriate starting and ending point, as set forth herein below.

| Attorney | Hours | Rate | Total Fees |
|---|---|---|---|
| **Partner** | | | |
| David J. Krebs & Victor Hastings | $93.68 | $150.00 | $14,052.00 |
| **Jr. Partner** | | | |
| Alberta L. Adams | 5.0 | 140.00 | 700.00 |
| **Associates** | | | |
| Alex R. Saunders & Michael S. Cessna & Suzie S. Mahoney & Jennifer Canales & Harvey S. Bartlett & Sara C. Porsia & Alona R. Croteau | 333.06 | 125.00 | 41,632.50 |
| **Law Clerk** | | | |
| Erin E. Bohacek | 6.1 | 90.00 | 549.00 |
| **Paralegal** | | | |
| Shaveka M. Joshua & Mimi D. Ward & Lauren Sanborn & Tabatha G. Kittrell Lisa Schmidt | 87.45 | $75.00 | $ 6,558.75 |

---

[14]*Id.* at 770.

[15]*Hensley*, 461 U.S. at 434.

| | |
|---|---|
| **Total Fees** | $63,492.25 |
| **Total Costs** | <u>+   2,692.23</u> |
| **TOTAL FEES and COSTS** | **$66,184.48** |

As explained more fully below, this court has fully considered the application at issue in light of the teachings in *Hensley*, *Farrar*, and *Migis*, *supra*, and determined that no adjustment to the lodestar is appropriate.

It is noteworthy that the *Johnson* analysis has been augmented or amended since its formulation. The Supreme Court has "barred any use of the sixth factor" and thus, the contingent nature of the case cannot serve as a basis for enhancement of the fee. *See Walker v. U. S. Department of Housing and Urban Development,* 99 F.3d 761, 772 (5th Cir. 1996) (*citing Burlington,* 505 U.S. at 567).[16]  In addition, the court's application of the *Johnson* factors is limited to those factors that have not already been addressed through the court's calculation of the number of reasonable hours and rate per attorney. *Migis*, 135 F.3d at 1047; *Watkins,* 7 F.3d at 459.

In this vein, the Fifth Circuit has warned that the first factor (time and labor involved) and the seventh factor (time limitations imposed by the client or the circumstances) are especially susceptible to "double counting." *Walker,* 99 F.3d at 771, 772. More recently, the Fifth Circuit held in *Shipes, supra,* that the novelty and complexity of the issues (factor two), the special skill and experience of counsel (factor three), the results obtained from the litigation (factor eight), and the quality of representation (factor nine) are presumably fully reflected in the lodestar amount. *Shipes*, 987 F.2d at 322.   Upward adjustments to the lodestar are proper only in certain "rare and

---

[16]*See also Shipes v. Trinity Indus.,* 987 F.2d 311, 323 (5th Cir. 1993) (the contingent nature of a case cannot serve as a basis for enhancement of attorney fees).

exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986). Counsel does not suggest that this is one of those cases.

Turning to a few of the important factors (*i.e.*, factors one, two, three and nine), these factors have already been considered in calculating the lodestar. The Court therefore determines that no revision of the lodestar computation is warranted based on these factors. The novelty and complexity of the issues (factor two), together with the special skill and experience of counsel (factor three) and the quality of representation (factor nine) are presumably fully reflected in the lodestar amount. *Shipes*, 987 F.2d at 322. No reduction is warranted considering the already greatly discounted hourly rates[17] and the liberal exercise of billing judgment.[18] For the foregoing reasons, the Court believes that no adjustment is warranted on the basis of these factors.

As to time limitations imposed by the client or the circumstances (factor seven), the record in this case does not support an adjustment based upon the aforesaid factor. A review of the record does not reflect the existence of any unusual circumstances affecting representation of the plaintiff, such as counsel being retained in haste, the preclusion of other work or an expedited trial schedule. Discovery was uneventful and the case was resolved short of trial on the merits. Under the circumstances, this Court believes that no adjustment is warranted pursuant to the seventh *Johnson* factor.

Factors ten through twelve also warrant no adjustment under the circumstances. To the degree that the case could be considered undesirable for any reason raised in the context of the instant application, these issues have already been covered under factor two and in the hourly rates

---

[17]*See* Application at Tab 2 [Doc. # 134-5].

[18]*See* Redacted Contemporaneous Time Records [Doc. # 134-4].

assigned.  As aforestated, counsel's experience, ability and reputation was subsumed in calculating the lodestar.

Consideration of eighth *Johnson* factor -  the results obtained -  does not require an adjustment of the lodestar.  Generally, this factor is applied where there is partial success and to reduce a fee award.  *Hensley v. Eckerhart,*  461 U.S. 424 (1983).  The plaintiff prevailed in large measure on its second motion for default judgment.  Additionally, a line-by-line review of plaintiff's counsels' fee bill indicates that duplicative and otherwise unproductive time was excised; this resulted in a drastically reduced fee calculus.  Indeed, the total number of hours does not include the time for redacted entries as indicated in Exhibit "A"/Tab 1 submitted along with plaintiff's application.  As counsel aptly notes, the total number of hours billed also does not include time for services rendered in connection with St. Stephen's May 12, 2006 Motion for Summary Judgment or its October 16, 2007 motion for default judgment which was dismissed as premature.

In sum, this Court is of the opinion that effective time expended and fees sought are in line with other cases that have been resolved short of trial on the merits.  Suffice it to say, fees/costs incurred by the plaintiff **($66,184.48)** is less than 1/12th of the judgment awarded to St. Stephens in this case.

## RECOMMENDATION

For the forgoing reasons, the undersigned RECOMMENDS that the plaintiff's application for attorney's fees be GRANTED in the full amount of  **$ 66,184.48**  , *i.e.*,  reasonable attorney's fees and costs necessarily incurred in prosecuting the instant suit on an open account.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and

11

recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 31st day of July, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**